**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2015[*]
Decided June 10, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3405

| | |
|---|---|
| LAVELL C. HERBERT, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 6122 |
| ELSWORTH SMITH, JR., et al., *Defendants-Appellees*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Lavell Herbert appeals a final judgment entered upon a jury verdict for two Chicago police officers and the City of Chicago in a suit filed under 42 U.S.C. § 1983 asserting claims of false arrest, excessive force, and malicious prosecution. Herbert contends that he was denied a fair trial because the defendants lied on the stand and fabricated evidence, but we cannot begin to assess that contention because Herbert has not supplied a transcript of the trial. *See* FED. R. APP. P. 10(b); *Hicks v. Avery Drei, LLC*, 654

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

F.3d 739, 743–44 (7th Cir. 2011); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003); *Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir. 1993). He asked the district court for a copy of the transcript at public expense, but the district court determined that Herbert had not satisfied his obligation to identify a colorable issue to present on appeal. *See* 28 U.S.C. § 753(f) (indigent defendant entitled to free transcript if judge certifies that appeal is not frivolous). And in any event Herbert does not point to any specific evidence or statements produced at trial that he believes were improper.

Herbert also asserts that his lawyer in his § 1983 suit was constitutionally ineffective and that the defendants withheld a video of his arrest that, he believes, they were obligated to produce. But in this civil suit Herbert does not have a constitutional right to effective assistance of counsel. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). And as a civil plaintiff he is not entitled to the video, particularly because he does not assert that he ever requested it or that the defendants relied on it. *See* FED. R. CIV. P. 26(a); *cf. Brady v. Maryland*, 373 U.S. 83 (1963) (recognizing criminal defendant's constitutional right to receive exculpatory evidence from prosecutor).

We have considered Herbert's remaining arguments and none has merit.

AFFIRMED.